# RECORD IMPOUNDED

**NOT FOR PUBLICATION WITHOUT THE**
**APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court."
Although it is posted on the internet, this opinion is binding only on the
parties in the case and its use in other cases is limited. R.1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-4533-15T3

NEW JERSEY DIVISION OF CHILD
PROTECTION AND PERMANENCY,

    Plaintiff-Respondent,

v.

F.P.,

    Defendant-Appellant.

_____

IN THE MATTER OF THE GUARDIANSHIP
OF A.O.B., JR.,

    Minor.

_____

Submitted May 24, 2017 — Decided June 13, 2017

Before Judges Simonelli, Gooden Brown and Farrington.

On appeal from the Superior Court of New Jersey, Chancery Division, Family Part, Hudson County, Docket No. FG-09-0248-15.

Joseph E. Krakora, Public Defender, attorney for appellant (Anastasia P. Winslow, Designated Counsel, on the brief).

Christopher S. Porrino, Attorney General, attorney for respondent (Andrea M. Silkowitz, Assistant Attorney General, of counsel; Samuel J. Fillman, Deputy Attorney General, on the brief).

Joseph E. Krakora, Public Defender, Law Guardian, attorney for minor (Christopher A. Huling, Designated Counsel, on the brief).

PER CURIAM

Defendant F.P., the biological mother of A.O.B., Jr. (Andrew),[1] born in 2008, appeals from the June 7, 2016 Family Part judgment for guardianship, which terminated her parental rights to the child.[2] On appeal, defendant contends that the trial judge erred in finding respondent New Jersey Division of Child Protection and Permanency (Division) proved all four prongs of N.J.S.A. 30:4C-15.1(a) by clear and convincing evidence. Defendant also contends that the judge improperly admitted her drug screen results into evidence, and erred in drawing a negative inference from her failure to appear at the guardianship trial. We affirm.

We will not recite in detail the history of the Division's involvement with defendant and her family. Instead, we incorporate by reference the factual findings set forth in Judge Lourdes I. Santiago's comprehensive June 7, 2016 written opinion. However, we add the following comments.

---

[1] Pursuant to Rule 1:38-3(d)(12), we use a fictitious name for the child.

[2] Andrew's biological father, O.G.B., died prior to the child's birth.

Defendant has an extensive history of drug abuse. She has seven other children, two of whom died in infancy, and five of whom did not remain in her care due to her substance abuse and mental health history, which includes a diagnosis of bipolar disorder. In 2007, defendant became involved with the Division with respect to her eighth child, Andrew, when she was seven months pregnant and tested positive for heroin and cocaine even while attending a methadone clinic. Both she and Andrew tested positive for cocaine at his birth. Following Andrew's release from the hospital, the Division placed him in a resource home, where he remained for two years.

A subsequent reunification failed due to defendant's continued substance abuse. The Division removed Andrew, after which he was in three separate placements. In February 2014, the Division placed Andrew with his current resource family, who has successfully managed his special needs, including a hearing impairment and diagnosis of attention-deficit-hyperactivity-disorder, and wants to adopt him.

From the time of Andrew's first removal in 2008 until the guardianship trial in 2016, defendant's involvement with the Division was marked by her continued substance abuse despite having engaged in substance abuse and mental health treatment; non-compliance with services; refusal to submit to court-ordered drug

A-4533-15T3

screening; failure to document her alleged need for pain medication; inconsistent visitation with Andrew; and a failed reunification. The Division offered defendant a myriad of services, including psychological and psychiatric evaluations, multiple substance abuse assessments and treatment programs, mental health treatment and counseling, parenting skills classes, homemaker services, assistance with transportation and housing, and visitation. At least two of the treatment programs defendant attended addressed co-occurring drug dependency and mental health issues. However, defendant did not benefit from services and denied having a substance abuse problem. She eventually ended all services, including visitation, and failed to appear for the guardianship trial without providing support for her claim she was injured as the result of a motor vehicle accident.[3]

The Division considered, and properly rejected, alternative relative placement options defendant had offered. This included an aunt in South Carolina, who was rejected after an evaluation conducted pursuant to the Interstate Compact on Placement of Children did not find this placement appropriate for Andrew, and

---

[3] Defendant's attorney represented to Judge Santiago on the first day of trial that defendant said she had been injured as the result of a motor vehicle accident, did not want an adjournment, and requested that the trial proceed without her.

there was no indication this placement would be in his best interests.

The expert psychological evidence Judge Santiago found credible confirmed that defendant's long history of substance abuse, repeated relapses, non-compliance with services, denial of a drug abuse problem, and parenting deficiencies rendered her unable to provide a safe and stable home for Andrew and the delay of placement would add to the harm Andrew had experienced. Notably, defendant's expert psychologist admitted defendant was unable to care for Andrew at the time of the trial or in the foreseeable future.

The expert bonding evidence Judge Santiago found credible revealed that Andrew had an insecure attachment and emotionally detached relationship with defendant, merely viewed her as someone to accommodate, and did not rely on her to meet his needs. The expert opined that Andrew has special needs requiring stability and consistency in order to ensure proper development, defendant could not meet those needs, and another failed reunification would put Andrew on a maladaptive pathway, which would impact his development. The expert concluded that Andrew would not experience a strong emotional reaction if he was permanently separated from defendant. Conversely, the expert found that Andrew had secure attachment with his resource mother and looked to her to meet his

needs. The expert concluded that Andrew would suffer enduring harm if removed from his resource family.

Judge Santiago reviewed the evidence presented at the trial, made detailed factual findings as to each prong of N.J.S.A. 30:4C-15.1(a), and thereafter concluded the Division met by clear and convincing evidence all of the legal requirements for a judgment of guardianship. The judge's opinion tracks the statutory requirements of N.J.S.A. 30:4C-15.1(a), accords with N.J. Div. of Youth & Family Servs. v. F.M., 211 N.J. 420 (2012), N.J. Div. of Youth & Family Servs. v. E.P., 196 N.J. 88 (2008), In re Guardianship of K.H.O., 161 N.J. 337 (1999), In re Guardianship of D.M.H., 161 N.J. 365 (1999), and N.J. Div. of Youth & Family Servs. v. A.W., 103 N.J. 591 (1986), and is more than amply supported by the record. F.M., supra, 211 N.J. at 448-49.

We reject defendant's argument that the judge improperly admitted her drug screen results into evidence. The Division provided a certification, which confirmed the documents concerned defendant; were made in the regular course of business; and were made at or about the time of the drug screen reflected therein. The certification also stated that the documents were in the custody and control of the certifying supervisor. Accordingly, the documents were admissible under N.J.R.E. 801(d), N.J.R.E. 803(c)(6), and R. 5:12-4(d). See N.J. Div. of Youth & Family

Servs. v. M.C. III, 201 N.J. 328 (2010) (citation omitted); N.J. Div. of Youth and Family Servs. v. M.G., 427 N.J. Super. 154, 173 (App. Div. 2012).

We have considered defendant's contention that Judge Santiago erred in drawing a negative inference from her failure to appear at the guardianship trial in light of the record and applicable legal principles and conclude it is without sufficient merit to warrant discussion in a written opinion. R. 2:11-3(e)(1)(E).

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION